T.C. Memo. 2005-292

UNITED STATES TAX COURT

JAMES B. CLARK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9559-04.          Filed December 21, 2005.

James B. Clark, pro se.

<u>Inga C. Plucinski</u> and <u>Marion K. Mortensen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined deficiencies in petitioner's Federal income tax, an addition to tax, and penalties as follows:

| Year | Deficiency | Addition to tax and penalties | |
| | | sec. 6651(a)(1) | sec. 6662(a) |
| 1998 | $7,494 | $776.75 | $1,498.80 |
| 2000 | 14,163 | -- | 2,832.60 |
| 2001 | 5,754 | -- | 1,150.80 |

The issues for decision[1] are:

1.   Whether petitioner had gross income and deductions in the amounts respondent determined for 1998, 2000, and 2001.  We hold he did.

2.   Whether petitioner is liable for the addition to tax for failure to timely file under section 6651(a)(1)[2] for 1998, and for the accuracy-related penalty under section 6662(a) for 1998, 2000, and 2001.  We hold that he is.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

---

[1]  We ordered the parties to file posttrial briefs. Respondent did so; petitioner did not.  Under these circumstances, we may hold petitioner in default on all issues for which he bears the burden of proof.  See Stringer v. Commissioner, 84 T.C. 693, 704-708 (1985), affd. without published opinion 789 F.2d 917 (4th Cir. 1986); Furniss v. Commissioner, T.C. Memo. 2001-137; McGee v. Commissioner, T.C. Memo. 2000-308.  However, we decide this case on the record as it stands.  We base our understanding of petitioner's position on his petition and trial testimony.

[2]  Section references are to the Internal Revenue Code as amended and in effect for the years in issue.

A.  Petitioner

Petitioner resided in Salt Lake City, Utah, when the petition was filed.  He was married to Brenda J. Clark (Mrs. Clark) during the years in issue.

Petitioner studied finance at Idaho State University.  He has a degree in accounting from Brigham Young University.  Over the years, petitioner has worked as a distribution clerk, truck driver, stockbroker, and restaurant owner and as sole proprietor of a business known as Totally Awesome Internet (TAI).

Petitioner and his family formerly lived in Idaho. Petitioner moved to Salt Lake City in June 1997 to work for Boise Cascade Office Products, but he did not work for that company after November 25, 1997.  His family moved to Salt Lake City in 1998.  Petitioner worked intermittently for Dell Super Computers during the years in issue.

B.  Petitioner's Tax Returns

Petitioner and Mrs. Clark filed a joint Form 1040, U.S. Individual Income Tax Return, for 1998, which respondent received on November 19, 2000.  On that return, they reported $56,991 of gross income, $3,820 of taxable income, $2,022 tax due, and $6,409 tax withheld, and they claimed a $4,387 refund.  They deducted $35,304 for moving expenses and $9,767 for itemized deductions.  Petitioner kept few if any records.  About $20,000

of the amount he deducted for moving expenses was the cost of replacing the roof on his house in Idaho.

In May 1999, petitioner organized a corporation named Totally Awesome Internet Services, Inc. (TAIS, Inc.). TAIS, Inc., was dissolved in April 2000. After dissolution, petitioner continued to operate the business as a sole proprietorship.

Petitioner prepared and he and Mrs. Clark timely filed a joint income tax return for 2000. They reported $16,417 of income, $13 tax due, and $2,616 tax withheld, and they claimed a $2,603 refund. On a Schedule C, Profit or Loss from Business, included with that return, they reported $1,682 in gross receipts and sales for TAI and deducted $12,289 in business expenses.

Jackson Hewitt Tax Service prepared and electronically filed a joint income tax return for 2001 for petitioner and Mrs. Clark. On that return, they reported $42,878 of income, $36,781 of itemized deductions, $28 tax due, and $4,551 tax withheld, and they claimed a $4,523 refund. They deducted $22,131 of unreimbursed employee expenses petitioner allegedly incurred in 2001.

C. Respondent's Examination of Petitioner's Tax Returns for 1998, 2000, and 2001

Respondent selected petitioner and Mrs. Clark's 1998 Federal income tax return for examination on August 17, 2001. Petitioner and Mrs. Clark executed a Consent to Extend the Time to Assess

Tax for 1998.  Respondent later expanded the audit to include their 2000 and 2001 joint returns.

During 1998, 2000, and 2001, petitioner and Mrs. Clark maintained a joint checking account with the Veterans' Administration Medical Center University Federal Credit Union (VAMCU).  Respondent's tax examiner (the examiner) reviewed petitioner and Mrs. Clark's bank statements, including monthly statements for the VAMCU joint checking account, and conducted a bank deposits analysis.  The examiner concluded, on the basis of the bank deposits analysis, that petitioner and Mrs. Clark failed to report taxable income of $9,131 for 1998 and $11,167 for 2001. The examiner also concluded that petitioner failed to report $37,175 in gross receipts and sales on Schedule C for 2000.

The examiner asked petitioner to substantiate the moving expenses that he and Mrs. Clark had deducted on their 1998 tax return.  In response, petitioner gave to the examiner (1) two checks purportedly payable to Dave's Moving and Storage, and (2) a summary of moving expenses purportedly from Dave's Moving and Storage.  Petitioner fabricated these items.  Dave's Moving and Storage did not exist.  The examiner adjusted petitioner and Mrs. Clark's itemized deductions for 1998.

The examiner asked petitioner to substantiate the Schedule C business expenses that he and Mrs. Clark deducted on their 2000 tax return and the unreimbursed employee business expenses that

they deducted on their 2001 return.  Petitioner did not substantiate any of those deductions.  Some of the amount petitioner deducted as unreimbursed employee expenses was job hunting expenses.  The examiner did not attribute any income to them on the basis of deposits in the account of TAIS, Inc.

OPINION

A.    Whether Petitioner Had Gross Income in the Amounts
      Respondent Determined for 1998, 2000, and 2001

Petitioner contends that respondent overstated the amounts of petitioner's unreported gross income for 1998, 2000, and 2001. We disagree.

If a taxpayer does not maintain adequate books and records, the Commissioner may reconstruct the taxpayer's income by any reasonable method which clearly reflects income, sec. 446(b); Holland v. United States, 348 U.S. 121, 130-132 (1954), including the bank deposits method, Parks v. Commissioner, 94 T.C. 654, 658 (1990); Estate of Mason v. Commissioner, 64 T.C. 651, 656 (1975), affd. 566 F.2d 2 (6th Cir. 1977).  Bank deposits are prima facie evidence of income.  Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Estate of Mason v. Commissioner, supra at 656-657. Petitioner did not keep adequate books and records for the years in issue.  The examiner used the bank deposits method to estimate petitioner's gross income for those years.

Petitioner contends that the examiner incorrectly counted his transfers of funds from one account to another in 1998, 2000,

and 2001 as income. We disagree. The examiner testified and her bank deposits worksheet shows that she did not count funds transferred from one account to another as income to petitioner for 1998, 2000, and 2001.

Petitioner contends that the examiner improperly treated overdraft transfers as taxable receipts. We disagree. The examiner testified and her bank deposits worksheet shows that she recorded overdraft transfers first as receipts, and then as transfers from receipts, and so she did not treat overdraft transfers as taxable receipts.

Petitioner made no other arguments relating to respondent's determination of his and Mrs. Clark's gross income. We sustain respondent's determination of petitioner's gross income for 1998, 2000, and 2001.

B. **Whether Petitioner Had More Deductions Than Respondent Allowed for 1998, 2000, and 2001**

Petitioner contends that he had more deductions than respondent allowed for 1998, 2000, and 2001. Specifically, petitioner contends that he had substantial amounts of moving expenses in 1998, business expenses in 2000, and unreimbursed employee expenses in 2001.

1. **Moving Expenses**

Generally, a taxpayer may deduct moving expenses paid or incurred during a taxable year in connection with beginning qualifying work at a new qualifying location. Sec. 217(a). A

taxpayer may deduct as moving expenses only the cost of transporting household goods and personal effects and travel, including lodging but not meals, from the former residence to the new residence.  Sec. 217(b).  Petitioner bears the burden of proving he may deduct moving expenses.[3]  Petitioner did not substantiate any of the claimed moving expenses.  Petitioner testified that about $20,000 of the $34,304 that he deducted as moving expenses is the amount he spent to replace the roof on his Idaho home.  That expense is not deductible under section 217(b).

2.   Business Expenses

a.   Telephone Expenses

Petitioner contends that he had about $11,000 in telephone expenses for TAI in 2000.  He testified that telephone expenses of about $11,000 were eventually paid.  Petitioner offered no telephone bills showing amounts owed or bank records to show that he paid any telephone bills in 2000 or at any time.  We conclude that petitioner may not deduct any amount as a telephone business expense for 2000.

b.    Internet Uplink Services Expense

Petitioner testified that he paid about $47,000 to an entity known as Viawest for Internet uplink services, and he contends that he may deduct that amount for 2000.  We disagree.

---

[3]  Petitioner does not contend (nor does the record support a conclusion) that the burden of proof is shifted to respondent under sec. 7491(a).

Petitioner prepared and gave the examiner a summary of Viawest expenses for TAIS, Inc.  Petitioner had no invoices or copies of canceled checks showing that he incurred or paid those amounts.

Petitioner offered in evidence a summary of payments TAIS, Inc., made to Viawest and a set of Viawest invoices. Respondent's counsel and the examiner could not reconcile the summary of payments TAIS, Inc., made to Viawest with respondent's bank deposits analysis, and petitioner could not explain the discrepancy.  Petitioner did not offer into evidence or make available to respondent's counsel all of the documents on which the summary of payments was purportedly based.  See Fed. R. Evid. 803(6), 1006.  Petitioner gave respondent copies of Viawest invoices for the first time at trial.  Respondent asked for bank records to show that petitioner paid the amounts stated in those invoices.   The Court gave petitioner 45 days following trial to provide respondent with bank records to corroborate the summary of payments and the Viawest invoices described above.  Petitioner did not do so.[4]  We conclude that petitioner may not deduct any amount for Internet uplink services expense in 2000.

### c.  Conclusion

We conclude that petitioner has not proven that he is entitled to deduct any business expenses for 2000.

---

[4]  By order, the summary of payments and the Viawest invoices described above were not admitted in evidence.

3.    Unreimbursed Business Expenses

Petitioner contends that he had $21,355 in unreimbursed employee expenses in 2001.  We disagree.  Petitioner did not offer any persuasive evidence showing that he may deduct any of these amounts.  There is no evidence that petitioner paid any amounts for unreimbursed employee business expenses in 2001.

We conclude that petitioner may not deduct any amount for unreimbursed employee business expenses in 2001, and we sustain respondent's determination of petitioner's deficiencies for 1998, 2000, and 2001.

C.    Whether Petitioner Is Liable for the Addition to Tax for Failure To Timely File Under Section 6651(a)(1) for 1998, and for the Accuracy-Related Penalty Under Section 6662(a) for 1998, 1999, and 2000

Section 7491(c) places on the Commissioner the burden of producing evidence that it is appropriate to impose a particular addition to tax or penalty.  To meet that burden, the Commissioner need not produce evidence relating to defenses such as reasonable cause or substantial authority.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001); H. Conf. Rept. 105-599, at 241 (1998), 1998-3 C.B. 747, 995.

Respondent has met the burden of production with respect to the addition to tax for failure to timely file a return for 1998 by showing that petitioner and Mrs. Clark filed a joint 1998 return on November 19, 2000.  Respondent has met the burden of production with respect to the accuracy-related penalty under

section 6662(a) by showing that petitioner has no records and submitted false documents to the examiner.

Petitioner made no argument that he was not liable for the addition to tax for failure to file under section 6651(a)(1) for 1998, or for the accuracy-related penalty under section 6662(a) for 1998, 2000, and 2001.  We conclude that petitioner is liable for the addition to tax for failure to file under section 6651(a)(1) for 1998, and for the accuracy-related penalty under section 6662(a) for 1998, 2000, and 2001.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.