T.C. Summary Opinion 2010-126


UNITED STATES TAX COURT


BAHMAN AHMADIAN AND ZAHRA MOGHADDAM, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14476-09S.                    Filed August 30, 2010.


<u>Omotayo J. Lawal</u>, for petitioners.

<u>Derek Matta</u> and <u>Randy Durfee</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' 2006 Federal income tax of $16,822.

After concessions,[2] the sole issue for decision is whether petitioners are entitled to a deduction for $24,500 paid to "Radio Freedom" as a charitable contribution under section 170. The resolution of this issue turns on whether Radio Freedom is a charitable organization within the meaning of section 170.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

Petitioners resided in the State of Texas when the petition was filed. All references to petitioner in the singular are to petitioner Bahman Ahmadian.

In 2006 petitioner wrote checks totaling $24,500 to or for Radio Freedom.[3] According to petitioner, the purpose of Radio Freedom was "educating the people * * * [about] the meaning of

---

[2] Respondent conceded that petitioners are entitled to a deduction for charitable contributions of $20,631. Petitioners conceded that they are not entitled to deductions for contributions made to political organizations or for items donated in the aftermath of Hurricane Ike.

[3] The payee of each of the checks for Radio Freedom includes an individual's name followed by "- Radio Freedom".

freedom and who is our enemy". Petitioner further explained that "It's not [the] United States enemy; it's the enemy of the culture * * *; * * * [and] against the Iran regime."

According to petitioner, Radio Freedom did not accept outside advertising but rather was completely supported by listener donations. At some point petitioner was part-owner of Radio Freedom. The principal owner of Radio Freedom initially intimated that the station was a nonprofit organization and that he had filed documents to have the station declared a section 501(c)(3) organization, but he later indicated that Radio Freedom was a for-profit organization. Radio Freedom ceased operations in 2007.

Petitioners timely filed their 2006 Federal income tax return. On Schedule A, Itemized Deductions, petitioners claimed a deduction for charitable contributions of $56,402.

In a notice of deficiency, respondent disallowed in full the deduction claimed by petitioners for charitable contributions on their Schedule A. Respondent subsequently conceded $20,631 of the claimed deduction, and petitioners conceded that they are not entitled to deductions for political contributions or for in-kind donations following Hurricane Ike. The only contributions that remain at issue are those made to Radio Freedom.

## Discussion[4]

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). These rules apply to deductions claimed for charitable contributions. See Davis v. Commissioner, 81 T.C. 806, 815 (1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985). Although section 7491(a) may serve to shift the burden under certain circumstances, it does not do so here given petitioners' failure to raise the matter and to introduce credible evidence.

Section 170(a)(1) allows a deduction for charitable contributions payment of which is made during the taxable year, if verified as provided in the regulations. The term "charitable contribution" includes a contribution or gift to a corporation,

---

[4] At the request of petitioners' counsel, the Court made provision for the filing of posttrial memorandum briefs. Although respondent filed a brief, petitioners did not. Despite petitioners' failure, we do not choose to default them under Rule 123. See Stringer v. Commissioner, 84 T.C. 693 (1985), affd. without published opinion 789 F.2d 917 (4th Cir. 1986). Rather, we choose to decide the disputed issue based on the evidentiary record before us. See, e.g., Clark v. Commissioner, T.C. Memo. 2005-292.

trust, or community chest, fund, or foundation, with certain provisos.  Sec. 170(c)(2).

In order to claim a deduction for a charitable contribution, a taxpayer must establish that a gift was made to a qualified entity organized and operated exclusively for an exempt purpose, no part of the net earnings of which inures to the benefit of any private individual.  Sec. 170(c)(2); McGahen v. Commissioner, 76 T.C. 468, 481-482 (1981), affd. without published opinion 720 F.2d 664 (3d Cir. 1983).  Qualified entities under section 170 are generally organizations that qualify for an exemption under section 501(c)(3).  See, e.g., Dew v. Commissioner, 91 T.C. 615, 624 n.7 (1988); Taylor v. Commissioner, T.C. Memo. 2000-17.

The Internal Revenue Service maintains a list of organizations eligible to receive tax-deductible charitable contributions in Publication 78, Cumulative List of Organizations described in Section 170(c) of the Internal Revenue Code of 1986, available at http://www.irs.gov/charities/article/0,,id=96136,00.html. Radio Freedom was not listed in Publication 78 as an organization eligible to receive tax deductible charitable contributions for the year in issue.[5]

---

[5] The search of Publication 78 included possible permutations of the radio station's name, including "Freedom Radio" and "Iran Freedom Radio".

Although Publication 78 is not necessarily all inclusive, petitioner has not demonstrated on the record before us that Radio Freedom qualifies as an entity eligible to receive charitable contributions under section 170 or that it was a qualifying section 501(c)(3) organization in 2006.[6] Accordingly, petitioner is not entitled to a charitable deduction for amounts paid to Radio Freedom for the year in issue.

Conclusion

We have considered all of the arguments made by petitioners, and, to the extent that we have not specifically addressed them, we conclude that they do not support a result contrary to that reached herein.

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[6] At trial, petitioner did not introduce any documents regarding the organization or operation of Radio Freedom or otherwise nor did he call as a witness the principal owner of "Radio Freedom". See Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).