T.C. Memo. 2000-17

UNITED STATES TAX COURT

JACK LANE TAYLOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14021-98.                    Filed January 18, 2000.

Jack Lane Taylor, pro se.

<u>Russell D. Pinkerton</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

ARMEN, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioner's Federal income tax for the taxable
year 1996 in the amount of $1,298.  The issue for decision is

whether petitioner is entitled to a deduction for a charitable contribution under section 170.[1]  We hold that he is not.

FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found.  Petitioner resided in Indianapolis, Indiana, at the time that his petition was filed with the Court.

During the year in issue, petitioner donated $8,647 to the Indianapolis Baptist Temple (IBT).[2]  In the previous year, on May 8, 1995, the Service had determined that IBT no longer qualified as an organization described in section 170(c)(2) and by Announcement 95-35, 1995-19 I.R.B. 14, deleted IBT from the list of organizations contributions to which are deductible under section 170.

On his joint 1996 Federal income tax return, petitioner claimed a deduction in the amount of $8,647 for a charitable contribution.  By notice of deficiency, respondent determined that petitioner was not entitled to any deduction for a charitable contribution because petitioner had failed to substantiate any such contribution, and further, that IBT was not

---

[1]  All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  Throughout this opinion we use the words "donation" and "donate" for convenience only and not to imply any legal conclusion.

an organization described in section 170(c)(2). At trial, respondent conceded the substantiation issue.

OPINION

Section 170(a) allows as a deduction any charitable contribution, as defined in section 170(c), that is made during the taxable year. As pertinent here, section 170(c) defines a charitable contribution as a contribution or gift to or for the use of a corporation, trust, or community chest, fund, or foundation which is organized and operated exclusively for religious purposes, provided that none of the net earnings inures to the benefit of any private individual. See sec. 170(c)(2); see also sec. 501(c)(3). Qualified entities under section 170 are essentially those organizations that qualify for an exemption from tax under section 501(c)(3). See, e.g., Dew v. Commissioner, 91 T.C. 615, 623 (1988); Kessler v. Commissioner, 87 T.C. 1285, 1288 (1986), affd. without published opinion 838 F.2d 1215 (6th Cir. 1988).

Deductions are a matter of legislative grace and taxpayers must satisfy the specific requirements of the deductions they claim. See New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). Taxpayers bear the burden of proving their entitlement to the deductions they claim. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111 (1933); Davis v. Commissioner, 81 T.C. 806, 815 (1983),

affd. without published opinion 767 F.2d 931 (9th Cir. 1985).[3] These rules apply with equal force to deductions claimed for charitable contributions. See <u>Davis v. Commissioner</u>, <u>supra</u>.

Petitioner concedes that during the year in issue IBT was not an organization defined in section 501(c)(3) and, by implication, we understand him not to assert that IBT is an organization defined in section 170(c)(2). Rather, petitioner contends that his donations to IBT are deductible because IBT is not a "corporation", but a "church". As a church, petitioner contends, IBT is exempt from having to meet the requirements of section 170(c)(2). He relies on section 508(c)(1) for support for his position.

Section 508(c)(1)(A) provides that churches, their integrated auxiliaries, and conventions or associations of churches are excepted from the general rule of section 508(a). Section 508(a) provides that organizations described in section 501(c)(3) and organized after October 9, 1969, are required to apply formally for recognition of their tax-exempt status. Thus, section 508(c)(1) simply relieves churches from applying for a favorable determination letter regarding their exempt status as required by section 508(a). Nothing in section 508(c)(1)

---

[3] Cf. sec. 7491, effective for court proceedings arising in connection with examinations commencing after July 22, 1998.

relieves a church from having to meet the requirements of section 501(c)(3).  In fact, it is clear that when the Commissioner determines that an organization is not entitled to an exemption as a church, as is the case for IBT, its contributors must prove the church's right to an exemption under section 501(c)(3) in order to be entitled to a deduction for their contributions.[4] See Riemers v. Commissioner, T.C. Memo. 1981-456; Hall v. Commissioner, T.C. Memo. 1980-576, affd. 676 F.2d 692 (4th Cir. 1982); Brown v. Commissioner, T.C. Memo. 1980-553; sec. 1.508-1(a)(3), (4), Income Tax Regs.

Petitioner's position is based on the assertion that IBT was not required to meet the requirements of sections 170(c)(2) and 501(c)(3), and he did not introduce any evidence at trial to establish that IBT was an organization defined in those sections. Having failed to carry his burden of proving that IBT qualifies as a religious organization under section 170(c)(2), petitioner is not entitled to a charitable contribution deduction for his donations to IBT.  Cf. Hall v. Commissioner, supra.

---

[4]  Cf. sec. 7428(c), which validates up to $1,000 per contributor where the donee has instituted proceedings under sec. 7428 to contest the revocation of the donee's status.  There is nothing in the record to suggest that this provision has any application in the present case.

To reflect our disposition of the disputed issue,

<u>Decision will be entered</u>

<u>for respondent.</u>