T.C. Summary Opinion 2011-120

UNITED STATES TAX COURT

TAWANA L. BRADLEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3564-10S.                    Filed October 12, 2011.

Tawana L. Bradley, pro se.

<u>Kristin M. Bourland</u>, for respondent.

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions
of section 7463[1] of the Internal Revenue Code in effect when the
petition was filed.  Pursuant to section 7463(b), the decision to

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended and in effect for the year
in issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies of $7,773 and $4,328 in petitioner's 2006 and 2007 Federal income taxes and accuracy-related penalties under section 6662(a) of $1,554.60 and $865.60 for the 2006 and 2007 taxable years, respectively. After concessions,[2] the only issue remaining for decision is whether petitioner is entitled to deduct $822.27 in unreimbursed expenses associated with her volunteer activities as a charitable contribution deduction for the taxable year 2006.

### Background

Some of the facts have been stipulated and are so found. The stipulation of facts, the stipulation of settled issues, and the attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioner resided in Kentucky.

Petitioner timely filed a joint Federal income tax return with her ex-husband, Anthony Bradley, for the taxable year 2006.

During 2006 petitioner conducted volunteer activities as a cheerleading coach for a youth football and cheerleading league that petitioner identified as the Muhammad Ali Youth Football and Cheerleaders League (league). Petitioner contends that she made

---

[2]The parties entered into a stipulation of settled issues for all of the other issues regarding the deficiencies and penalties determined for 2006 and 2007.

various unreimbursed charitable contributions regarding the
league's cheerleading activity, including: (1) Paying for a
charter bus rental; (2) paying for pizzas, party favors, and
other supplies for a team party; and (3) the use of petitioner's
and her ex-husband's automobiles for travel to and from team
practices and games.

Petitioner provided a charter confirmation form from Toby
Tours, Inc., a bus rental company. The charter confirmation is
dated November 24, 2006, and indicates that the rental price was
$660 and that the bus was scheduled for pickup and return on
December 10, 2006. The charter confirmation form indicates that
the bus was rented on behalf of a cheerleading group and lists
petitioner as the contact for the group. The form does not
identify the group as the Muhammad Ali Youth Football and
Cheerleaders League. Instead, the form identifies the group as
the Yellow Jackets Cheerleaders.[3] Petitioner paid for the
charter rental with a $660 money order that she purchased with
cash. Petitioner did not submit any further documentation in
support of her claimed deduction of the charter bus rental fees.

---

[3]The Muhammad Ali Youth Football and Cheerleaders League is
not listed as a qualified organization for which a taxpayer may
claim a charitable contribution deduction under sec. 170.
However, the Muhammad Ali Yellowjackets, Inc., is an organization
in the Louisville, Kentucky, area for which a taxpayer may claim
a charitable contribution deduction for qualifying contributions
under sec. 170.

Petitioner provided several receipts that she testified represent unreimbursed expenses she incurred in providing for a cheerleading team party during 2006.  The receipts indicate that petitioner made purchases of $30.16 for pizza, $2.07 for stickers, $31.78 for ribbons, $6.36 for office supplies, and $91.90 for party supplies.

Petitioner also claimed a deduction for unreimbursed mileage expenses for her and her ex-husband's travel to and from team practices and games.  Petitioner coached the cheerleading team, and her ex-husband coached the football team.  At trial petitioner produced a Mapquest driving directions printout that details the miles driven between her home and the practice field for the team's practices and games.  The printout indicates that petitioner and her ex-husband each drove to and from the practice field four times a week for a period of 18 weeks and traveled 1,857.6 miles on account of team practices and games in connection with their volunteer activities during 2006.

## Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed.  Rule 142(a); New Colonial Ice Co. v.

Helvering, 292 U.S. 435, 440 (1934).  These rules apply to deductions claimed for charitable contributions.  See Davis v. Commissioner, 81 T.C. 806, 815 (1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985).

Section 170(a) allows a deduction for charitable contributions for which payment is made during the taxable year if verified as provided in the regulations.  The term "charitable contribution" includes a contribution or gift to a corporation, trust, or community chest, fund, or foundation, with certain conditions.  Sec. 170(c)(2).  Section 1.170A-1(g), Income Tax Regs., provides that a taxpayer may deduct unreimbursed expenditures as a charitable contribution if they are made incident to the taxpayer's rendering services for a charity.

In order to claim a deduction for a charitable contribution, a taxpayer must establish that a gift was made to a qualified entity organized and operated exclusively for an exempt purpose, no part of the net earnings of which inures to the benefit of any private individual.  Sec. 170(c)(2); McGahen v. Commissioner, 76 T.C. 468, 481 482 (1981), affd. without published opinion 720 F.2d 664 (3d Cir. 1983).  Qualified entities under section 170 are generally organizations that qualify for an exemption under section 501(c)(3).  See Dew v. Commissioner, 91 T.C. 615, 623-624 (1988); Taylor v. Commissioner, T.C. Memo. 2000-17.

The Internal Revenue Service maintains a list of organizations eligible to receive tax-deductible charitable contributions in Publication 78, Cumulative List of Organizations described in Section 170(c) of the Internal Revenue Code of 1986, which is available at http://www.irs.gov/app/pub-78/. Petitioner testified that she volunteered as a cheerleading coach for the Muhammad Ali Youth Football and Cheerleaders League, which is not listed in Publication 78 as an organization that is eligible to receive tax deductible charitable contributions. However, the Muhammad Ali Youth Football and Cheerleaders League is not the group named on the charter bus confirmation that petitioner submitted in support of her claimed deduction. Instead, the charter confirmation form names the Yellow Jackets Cheerleaders as the group. According to Publication 78, the Muhammad Ali Yellowjackets, Inc., is a qualified organization that was formed in Kentucky. Given the similarities of the group names and the location of the groups within the Commonwealth of Kentucky, it appears that petitioner confused the organization's name while testifying. Given that her testimony was reasonable and that she has provided reliable evidence of the group's actual name, we find that petitioner's activities were services to the Muhammad Ali Yellowjackets, Inc. We must now decide whether petitioner has met her burden of substantiating that her expenditures are

deductible.  See Rule 142(a); Davis v. Commissioner, supra at 815.

I.  The Charter Bus Rental

Section 170(a)(1) allows a deduction for a charitable contribution as defined in section 170(c) if verified under applicable regulations.  Generally, an unreimbursed volunteer expenditure can be substantiated by (1) a canceled check, (2) a receipt from the donee organization, or (3) other reliable written records showing the name of the donee, the date of the contribution, and the amount of the contribution.  Van Dusen v. Commissioner, 136 T.C. __, __ (2011) (slip op. at 31); sec. 1.170A-13(a)(1), Income Tax Regs.  However, for a contribution of $250 or more, a taxpayer must substantiate the contribution with a written acknowledgment from the donee organization.  Sec. 170(f)(8)(A).  A taxpayer who incurs unreimbursed expenses "incident to the rendition of services" is treated as having obtained a written acknowledgment if the taxpayer:  (1) "Has adequate records under * * * [section 1.170A-13(a), Income Tax Regs.,] to substantiate the amount of the expenditures", and (2) acquires a contemporaneous statement from the donee organization containing:  (A) A description of the services provided by the taxpayer; (B) a statement of whether the donee organization provides any goods or services in consideration, in whole or in

part, for the unreimbursed expenditures; and (C) [a description and good faith estimate of the value of any goods or services provided by the donee organization].  Sec. 1.170A-13(f)(10), Income Tax Regs.

Petitioner contends that she is entitled to a deduction for a $660 contribution she made in order to fund the cheerleading group's bus rental.  In support petitioner provided a charter confirmation form and a money order receipt.  However, because petitioner's contribution was for an amount greater than $250, she is required to substantiate it by producing a written acknowledgment from the donee organization.  See sec. 170(f)(8)(A); see also sec. 1.170A-13(f)(10), Income Tax Regs. Petitioner has failed to present any form of written acknowledgment from the donee organization relating to her contribution.  As a result, petitioner's contribution of the $660 charter bus rental fee is not deductible under section 170 as a charitable contribution.  See sec. 170(f)(8)(A).

II.  Party Supplies

Petitioner also contends that she is entitled to deductions totaling $162.27 for unreimbursed volunteer expenses she incurred while providing the cheerleaders with a team party.  In support, petitioner provided receipts from the various vendors from which she purchased the party supplies.  The receipts bear petitioner's handwritten notations of either "Cheerleader Donation" or "Office

Supplies & Cheerleaders", and the items purchased are consistent with those one might purchase in preparation for a children's party. The documents indicate the purchases were made during November 2006.

Unreimbursed volunteer expenses of less than $250 are governed by section 1.170A-13(a), Income Tax Regs. <u>Van Dusen v. Commissioner</u>, <u>supra</u> at __ (slip op. at 27). That regulation provides that a contribution can be substantiated by (1) a canceled check, (2) a receipt from the donee organization, or (3) "other reliable written records" showing the name of the donee, the date of the contribution, and the amount of the contribution. Sec. 1.170A-13(a)(1), Income Tax Regs. Petitioner has not provided a canceled check or a receipt from the donee organization regarding her contribution and, consequently, is required to offer "other reliable written records" in order to substantiate her claimed deductions. Section 1.170A-13(a)(1)(iii), Income Tax Regs., defines "other reliable written records" as records that show "the name of the donee, the date of the contribution, and the amount of the contribution." Strictly speaking, petitioner's documents do not meet the requirements of section 1.170A-13(a)(1)(iii), Income Tax Regs., because the receipts do not show the name of the donee organization. Instead, they show the names of the entities that petitioner paid on behalf of the donee organization. However, petitioner's

documents are sufficient to substantially comply with section 1.170A-13(a)(1), Income Tax Regs. See Van Dusen v. Commissioner, supra at __ (slip op. at 32). Section 1.170A-13(a)(1), Income Tax Regs., allows a taxpayer to rely on canceled checks to record contributions of money made to a donee organization. Van Dusen v. Commissioner, supra at __ (slip op. at 33). We find that petitioner's documents are legitimate substitutes for canceled checks because they contain all of the pertinent information that would have appeared on a canceled check. See id. at __ (slip op. at 33-34). The receipts show the names of the payees, the dates of the payments, and the amounts of the payments. Like petitioner's records, a canceled check from a volunteer would generally reflect the name of the payee and not the name of the charitable organization to which the volunteer's services were rendered. Therefore, we find that petitioner has substantially complied with the requirements of section 1.170A-13(a)(1), Income Tax Regs. We hold that petitioner is entitled to deduct $162.27 for contributions made on behalf of the donee organization to fund a team party.

III. Automobile Mileage

Petitioner contends that she is entitled to a deduction for automobile mileage expenses associated with her and her ex-

husband's travel to and from team practices and games.[4]  In support petitioner produced a Mapquest directions printout.  The printout details the number of miles that she and her ex-husband traveled over the course of a season while driving to and from team practices and games.  The printout provides detailed information, including:  (1) The distance for each trip taken; (2) the number of trips taken per week; and (3) the number of weeks during which the trips took place.

Section 1.170A-1(g), Income Tax Regs., provides that a taxpayer may deduct unreimbursed expenditures made incident to the taxpayer's rendering services for a charity.  The regulation further provides that out-of-pocket transportation expenses necessarily incurred while rendering services to the charity are also deductible.  Id.  As previously stated, a taxpayer's contribution can be substantiated by (1) a canceled check, (2) a receipt from the donee organization, or (3) other reliable written records showing the name of the donee, the date of the contribution, and the amount of the contribution.  Sec. 1.170A-13(a)(1), Income Tax Regs.

The documentation petitioner provided is not a canceled check or a receipt.  Therefore, in order for the printout to support petitioner's mileage expense deduction, it must qualify

---

[4]Petitioner did not specify a dollar amount she is entitled to deduct with respect to her mileage expenses.

as "other reliable written records" under section 1.170A-13(a)(1), Income Tax Regs.

Section 1.170A-13(a)(2), Income Tax Regs., provides that the reliability of "other reliable written records" is determined on the basis of all of the facts and circumstances of a particular case. On the basis of our consideration of all the facts and circumstances of this case, we find that the evidence petitioner supplied is sufficient to qualify as "other reliable written records". The standard mileage rate for computing the deduction for the use of a passenger automobile driven in connection with rendering services to a charitable organization is 14 cents per mile for years beginning after December 31, 1997. See sec. 170(i); see also Rev. Proc. 97-58, 1997-2 C.B. 587. As a result, petitioner is entitled to a deduction of 14 cents per mile for the 1,857.6 miles she and her ex-husband traveled to and from team practices and games during 2006.

To reflect the foregoing,

Decision will be entered

under Rule 155.