T.C. Summary Opinion 2017-42


UNITED STATES TAX COURT



ADOLPH MARTINEZ, JR. AND RACQUEL M. MARTINEZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 22969-15S.                    Filed June 26, 2017.



Adolph Martinez, Jr., and Racquel M. Martinez, pro sese.

Catherine J. Caballero, Janice B. Geier, Peter R. Hochman, and Kimberly A.

Trujillo, for respondent.



SUMMARY OPINION


PANUTHOS, Chief Special Trial Judge:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated June 22, 2015, respondent determined deficiencies of $3,577 and $4,440 in petitioners' Federal income tax for 2012 and 2013, respectively.  After a concession,[2] the issues for decision are:  (1) whether petitioners are entitled to deductions for unreimbursed employee business expenses claimed on their Schedules A, Itemized Deductions, in amounts greater than respondent allowed; and (2) whether petitioners are entitled to deductions for charitable contributions claimed on their Schedules A in amounts greater than respondent allowed.  Respondent also made computational adjustments to petitioners' child tax credits for the years in issue; this adjustment is dependent on the outcome of the disputed issues.

---

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent determined that petitioners had an unreported taxable State income tax refund of $1,785 for 2013.  Petitioners conceded this amount.

## Background

Some of the facts have been stipulated, and we incorporate the stipulation of facts by this reference. Petitioners Adolph Martinez, Jr., and Racquel M. Martinez resided in California when the petition was timely filed.

I.    Teaching and Coaching Activities

During the years in issue Mr. Martinez was employed as a physical education teacher and an athletic director for St. Helen's Catholic Elementary School (St. Helen's), a private school in Fresno, California. Mr. Martinez coached a number of sports including girls' volleyball, boys' volleyball, boys' basketball, track and field, cross country, and softball. Mr. Martinez also coached basketball as a volunteer for Clovis East High School (Clovis East) in Clovis, California, through the Amateur Athletic Union (AAU) basketball program.

Mr. Martinez would travel to Clovis East and to other locations for team practice or sporting events as part of his coaching duties for St. Helen's and Clovis East. St. Helen's did not reimburse employees for mileage or coaching supplies during the years in issue. Neither did Clovis East reimburse volunteers for mileage or any other expenses paid during the years in issue.

During the years in issue Mrs. Martinez was employed as a sixth grade teacher at Gettysburg Elementary School (Gettysburg Elementary), a public elementary school. Mrs. Martinez also coached softball for Gettysburg Elementary during the years in issue. Unlike her husband, Mrs. Martinez did not travel to other schools or other locations as part of her coaching duties; during the years in issue her coaching duties were performed at Gettysburg Elementary, where she normally worked.

## II.    Tax Returns

Petitioners' 2012 and 2013 Forms 1040, U.S. Individual Tax Return, were prepared and electronically filed by their certified public accountant (C.P.A.) and representative, Thad Scott.

### A.    2012 Return

Petitioners reported their wage income from their respective employers, taxable interest, and a taxable State income tax refund. They listed their two minor children as dependents and claimed a child tax credit of $2,000. On their Schedule A petitioners claimed deductions including the following:

| Expense | Amount |
|---|---|
| Unreimbursed employee business | $21,870 |
| Gifts to charity: | |
|   Cash or check | 3,651 |
|    Other than by cash or check | 500 |
| Tax preparation expense | 375 |

Petitioners attached two Forms 2106-EZ, Unreimbursed Employee Business

Expenses, one for each petitioner, computing their expenses as follows:[3]

| Expense | Husband | Wife | Total |
|---|---|---|---|
| Business mileage | $2,220 | $3,518 | $5,738 |
| Travel away from home overnight | 1,675 | --- | 1,675 |
| Other (not included above) | 4,206 | 8,863 | 13,069 |
| Meals and entertainment | 963 | 425 | 1,388 |
|   Total | 9,064 | 12,806 | 21,870 |

B.    2013 Return

Petitioners reported their wage income from their respective employers and

interest income. They listed their two minor children as dependents and claimed a

---

[3]The amount of meals and entertainment expenditures claimed is after the application of the 50% limitation prescribed by sec. 274(n). Petitioners claimed 4,000 and 6,338 business miles for Mr. Martinez and Mrs. Martinez, respectively, using the standard mileage rate. The standard mileage rate of 55.5 cents per mile for 2012 is set forth in Notice 2012-1, sec. 2, 2012-2 I.R.B. 260, 260.

child tax credit of $2,000. On their Schedule A petitioners claimed deductions including the following:

| Expense | Amount |
|---|---|
| Unreimbursed employee business | $24,515 |
| Gifts to charity: | |
| Cash or check | 3,646 |
| Other than by cash or check | 500 |
| Tax preparation expense | 375 |

Petitioners attached two Forms 2106-EZ, computing their unreimbursed employee business expenses as follows:[4]

| Expense | Husband | Wife | Total |
|---|---|---|---|
| Business mileage | $2,769 | $2,204 | $4,973 |
| Actual vehicle (gasoline, oil, etc.) | --- | 1,200 | 1,200 |
| Travel away from home overnight | 1,375 | --- | 1,375 |
| Other (not included above) | 5,727 | 9,827 | 15,554 |
| Meals and entertainment | 938 | 475 | 1,413 |
| Total | 10,809 | 13,706 | 24,515 |

---

[4]The amount of meals and entertainment expenditures claimed is after the application of the 50% limitation prescribed by sec. 274(n). Petitioners claimed 4,900 and 3,900 business miles for Mr. Martinez and Mrs. Martinez, respectively, using the standard mileage rate. The standard mileage rate of 56.5 cents per mile for 2013 is set forth in Notice 2012-72, sec. 2, 2012-50 I.R.B., 673, 673.

III.    Notice of Deficiency and Trial

In a notice of deficiency dated June 22, 2015, respondent disallowed all of the claimed unreimbursed employee business expense and charitable contribution deductions.  Respondent allowed deductions of $375 in tax preparation fees and $500 in charitable contributions (other than by cash or check) for each of the years in issue.

At the time the petition was timely filed, petitioners had requested an examination so that the Internal Revenue Service (IRS or respondent) could review their documentation for the years in issue.  Before trial, an examiner with the IRS met with petitioners' representative Mr. Scott, who provided a number of receipts, mileage logs, and other documents.  After reviewing the documents provided, the examiner determined that petitioners had substantiated "teaching and coaching supplies" expenses for the years in issue of $736 for 2012 and $389 for 2013, deductible as unreimbursed employee business expenses.

At trial petitioners introduced copies of documents purported to substantiate their reported expenses, including the following:

(1) a letter dated June 1, 2015, from the "Booster President" of the Clovis East boys' basketball program;

(2) a receipt dated March 4, 2013, for a $296.92 cash purchase of shirts from Mid-State Graphics, a custom screen printing shop;

(3) a receipt dated May 24, 2012, for a $200 cash donation to St. Helen's;

(4) a letter from Cancer Support Services[5] on which "$20 donation" is handwritten;

(5) tentative schedules for various sporting events for 2012 and 2013;

(6) mileage logs for Mr. Martinez for the years in issue; and

(7) a document titled "Adolph and Racquel Martinez" reflecting the following:

---

[5]Cancer Support Services qualifies as an exempt organization under sec. 501(c)(3).

|  | 2012 | 2013 |
|---|---|---|
| Form 2106-EZ: | | |
| Coaching attire (3 months) | $2,139 | $1,481 |
| Teaching & coaching supplies (3 months) | 2,339 | 1,748 |
| [No description provided] | --- | 2,553 |
| Total | 4,478 | 5,782 |
| Volunteer Expenses: | | |
| Team shirts | --- | $296 |
| Coaching gifts to volunteers | 1,598 | |
| Meals/entertainment | 2,500 | 4,187 |
| Supplies/gifts/clothing | 2,902 | 1,342 |
| Total | 7,000 | 5,825 |

Petitioners also brought to trial approximately 10 bags of loose receipts, offered for purposes of substantiating their expenses. These receipts were not made a part of the record. Instead, the parties agreed to introduce into evidence a copy of the Case History Report from the examiner and her "Lead Sheets", which summarized her findings after reviewing petitioners' receipts and other documents for the years in issue.

## Discussion

### I. Burden of Proof

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that

the determination is in error.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances.  Petitioners did not allege or otherwise show that section 7491(a) applies.  <u>See</u> sec. 7491(a)(2)(A) and (B).  Therefore, petitioners bear the burden of proof.  <u>See</u> Rule 142(a).

II.    <u>General Principles Governing Substantiation</u>

Deductions are a matter of legislative grace, and a taxpayer is required to maintain records sufficient to substantiate expenses underlying deductions claimed on his or her return.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.; <u>see</u> <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).

If the taxpayer is able to establish that he paid or incurred a deductible expense but is unable to substantiate the precise amount, the Court generally may approximate the deductible amount, but only if the taxpayer presents sufficient evidence to establish a rational basis for making the estimate.  <u>See</u> <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930); <u>see also</u> <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985).  Business expenses specified in section 274 are subject to rules of substantiation that supersede the <u>Cohan</u> test.  <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827-828 (1968), <u>aff'd</u>, 412 F.2d 201 (2d

Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

III.    Unreimbursed Employee Business Expenses

On their Schedules A petitioners claimed deductions for unreimbursed employee business expenses for tax years 2012 and 2013.  Petitioners' unreimbursed employee business expenses can be separated into the following categories:  (1) business mileage; (2) actual vehicle expenses; (3) travel expenses while away from home overnight; (4) business expenses other than categories (1) through (3); and (5) meals and entertainment.

Qualifying expenses under section 162 include expenses paid or incurred as an employee.  Lucas v. Commissioner, 79 T.C. 1, 6 (1982).  Expenses are not "necessary" when an employee fails to claim reimbursement for expenses incurred in the course of his employment when entitled to do so.  Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), aff'g T.C. Memo. 1984-533.  Accordingly, a taxpayer cannot deduct employee business expenses to the extent he is entitled to reimbursement from his employer for those expenses.  See Lucas v. Commissioner, 79 T.C. at 7.  Deductions for those expenses belong to the employer.  See Kennelly v. Commissioner, 56 T.C. 936, 943 (1971), aff'd without published opinion, 456 F.2d 1335 (2d Cir. 1972).

The taxpayer bears the burden of proving that he is not entitled to reimbursement from his employer for such expenses.  See Fountain v. Commissioner, 59 T.C. 696, 708 (1973).  The taxpayer can prove that he was not entitled to reimbursement by showing, for example, that he was expected to bear these costs.  See id.; see also Dunkelberger v. Commissioner, T.C. Memo. 1992-723, 1992 WL 379282, at *1 (finding that management team expected taxpayer to bear expense of business lunches with vendors).

Section 274(d) applies to:  (1) any travel expense, including meals and lodging away from home; (2) entertainment, amusement, and recreational expenses; (3) any expense for gifts; or (4) the use of listed property, as defined in section 280F(d)(4), including passenger automobiles.  To deduct such expenses the taxpayer must substantiate by adequate records or evidence sufficient to corroborate the taxpayer's own testimony:  (1) the amount of the expenditure or use, which includes mileage in the case of automobiles; (2) the time and place of the travel, entertainment, or use; (3) its business purpose; and in the case of entertainment, (4) the business relationship to the taxpayer of each expenditure or use. Sec. 274(d) (flush language).  Ideally a taxpayer should keep an account book, diary, or log made near the time of the expense, but a taxpayer's testimony

along with corroborative evidence may suffice. Sec. 1.274-5T(b), (c)(2) and (3), Temporary Income Tax Regs., 50 Fed. Reg. 46014-46022 (Nov. 6, 1985).

### A. Automobile Expenses

#### 1. Business Mileage

Petitioners deducted business mileage expenses as follows: (1) $2,220 and $3,518 for Mr. Martinez and Mrs. Martinez, respectively, for 2012; and (2) $2,769 and $2,204 for Mr. Martinez and Mrs. Martinez, respectively, for 2013.

As a general rule, a taxpayer's costs of commuting between his or her residence and place of business or employment are nondeductible personal expenses. See Fausner v. Commissioner, 413 U.S. 838, 839 (1973); Commissioner v. Flowers, 326 U.S. 465, 473-474 (1946); sec. 1.262-1(b)(5), Income Tax Regs. There are various exceptions to this general rule. In accordance with Rev. Rul. 99-7, 1999-1 C.B. 361, 362, a taxpayer may deduct travel expenses "incurred in going between the taxpayer's residence and a temporary work location outside the metropolitan area where the taxpayer lives and normally works." A taxpayer may also deduct travel expenses for commuting between the taxpayer's residence and his or her work locations if the residence is the taxpayer's principal place of business. See Strohmaier v. Commissioner, 113 T.C. 106, 113-114 (1999); Rev. Rul. 99-7, supra.

Mrs. Martinez testified that she did not travel to other locations for her coaching duties and that all of her duties were completed on the campus of Gettysburg Elementary. Further, Mrs. Martinez asserted that the business mileage reported was "just for home to work." Thus the business mileage expense deductions Mrs. Martinez claimed are for nondeductible, personal commuting expenses, and she is not entitled to deduct business mileage for the years in issue. See sec. 262(a); Fausner v. Commissioner, 413 U.S. at 839; Commissioner v. Flowers, 326 U.S. at 473-474; sec. 1.262-1(b)(5), Income Tax Regs.

Mr. Martinez testified that he often drove to various schools and other locations for his employment as the assistant athletic director for St. Helen's and for his volunteer work as a coach for Clovis East. For example, to start his day sometimes he would drive to Clovis East to coach "zero period" practice, held from 6:30 a.m. to 7:30 a.m. From Clovis East he would then drive to St. Helen's for his teaching and coaching duties. Sometimes he would then drive from St. Helen's to another location for a practice or event. Mr. Martinez also testified that he sometimes attended practices or events on the weekends.

Mr. Martinez provided mileage logs for 2012 and 2013 that purported to substantiate his business mileage. But at trial he testified that "[t]he log that I gave I only did Clovis East * * * I did not give you a St. Helen's log". Thus, it

appears that the mileage logs relate to Mr. Martinez's volunteer work for Clovis East through the AAU program and do not reflect mileage driven as an employee for St. Helen's. Petitioners also provided copies of 10 tentative schedules for various sporting events for 2012 and 2013. Mr. Martinez did not explain which of these schedules are for St. Helen's and which are for Clovis East, and it is not clear from most of the schedules themselves; they reflect dates and locations, but only two of the schedules reflect the name St. Helen's. Mr. Martinez testified that occasionally events would be canceled or rescheduled, but most of the events were held as planned, and as athletic director for St. Helen's he was required to attend every game. He did not provide specific details, such as the distance driven between St. Helen's and other locations.

Mr. Martinez did not provide documentation or other evidence to substantiate the number of miles driven for his employment as athletic director for St. Helen's. Although we find credible Mr. Martinez's testimony that he was often driving to other locations as athletic director for St. Helen's, the tentative schedules by themselves, without specific testimony or other corroborating evidence, do not establish the number of qualifying business miles driven as required by section 274(d). See sec. 274(d) (flush language); sec. 1.274-5T(b), (c)(2) and (3), Temporary Income Tax Regs., supra. Thus, petitioners have not

substantiated the business mileage for Mr. Martinez for the years in issue, and they are not entitled to these deductions.

### 2. Actual Vehicle Expenses

In addition to deducting business mileage expenses for 2013, Mrs. Martinez deducted $1,200 for actual vehicle expenses for 2013. Those expenses are subject to strict substantiation under section 274. Petitioners did not address these expenses at trial and did not provide any documentation or other evidence to substantiate them. See sec. 274(d) (flush language); sec. 1.274-5T(b), (c)(2) and (3), Temporary Income Tax Regs., supra. For these reasons, petitioners are not entitled to deduct the actual vehicle expenses.[6]

### B. Travel Expenses

Petitioners deducted travel expenses for Mr. Martinez of $1,675 for 2012 and $1,375 for 2013.

Travel expenses are also subject to the strict substantiation requirements of section 274(d). To deduct travel expenses, the taxpayer must substantiate through adequate records or other corroborative evidence the following elements: (1) the

---

[6]Additionally, a taxpayer cannot use the standard mileage rate and claim actual expenses for the same year. See Kay v. Commissioner, T.C. Memo. 2002-197, aff'd, 85 F. App'x 362 (5th Cir. 2003). Thus, Mrs. Martinez could not claim both the standard mileage rate and her actual vehicle expenses for 2013. Id.

amount of the expense; (2) the time and place of the expense; and (3) the business purpose of the expense. Sec. 274(d).

A taxpayer satisfies the "adequate records" test if he or she maintains an account book, a diary, a log, a statement of expense, trip sheets, or similar records prepared at or near the time of the expenditures, such as receipts or bills, that show each element of each expenditure or use. See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., supra. Contemporaneous logs are not required, but corroborative evidence to support a taxpayer's reconstruction of the elements of an expenditure or use must have "a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record. Id. subpara. (1), 50 Fed. Reg. 46016-46017.

Mr. Martinez testified that sometimes he would travel out of town to coach various events, especially during spring, when coaching the AAU program at Clovis East. Mr. Martinez provided neither details about specific trips nor testimony or other evidence to establish the required elements of amounts, dates, destinations, and business reason for travel. Therefore, petitioners are not entitled to deductions for travel expenses. See sec. 274(d); sec. 1.274-5T(c)(2), Temporary Income Tax Regs., supra.

C.     Meals and Entertainment Expenses

Petitioners deducted meal and entertainment expenses as follows:  (1) $963 and $425 for Mr. Martinez and Mrs. Martinez, respectively, for 2012; and (2) $938 and $475 for Mr. Martinez and Mrs. Martinez, respectively, for 2013.  Mr. Martinez testified that the children he coached at St. Helen's and Clovis East came from low-income families and that sometimes he would buy them dinner when driving them home after practice.  Mrs. Martinez testified that she would purchase hot chocolate, cookies, and other food items to try to motivate her students, and that when she coached she would buy milkshakes for students to reward them for winning games.

Petitioners' meals and entertainment expenses are also subject to the strict substantiation rules of section 274.  Petitioners did not provide testimony or other evidence to establish the amount, time, place, and business purpose for each expense.  See sec. 274(d) (flush language); sec. 1.274-5T(c)(2), Temporary Income Tax Regs., supra.  Therefore, petitioners are not entitled to deductions for meal and entertainment expenses for the years in issue.

D.     Other Expenses

Petitioners claimed deductions for "other" unreimbursed employee business expenses as follows:  (1) $4,206 and $8,863 for Mr. Martinez and Mrs. Martinez,

respectively, for 2012; and (2) $5,727 and $9,827 for Mr. Martinez and Mrs. Martinez, respectively, for 2013. Petitioners' document titled "Adolph and Racquel Martinez" reflected the following other expenses: (1) coaching attire expenses totaling $2,139 and $1,481 for three months for 2012 and 2013, respectively; (2) teaching and coaching supplies expenses totaling $2,339 and $1,748 for three months for 2012 and 2013, respectively; and (3) uncategorized expenses totaling $2,553 for 2013.

The examiner allowed petitioners to deduct as unreimbursed employee business expenses $736 in teaching and coaching supplies for 2012 and $398 in teaching and coaching supplies for 2013.[7]

Mrs. Martinez testified that while the school provided textbooks and basic school supplies, she purchased books to keep in the classroom for students to read for leisure and gifts for parents who volunteered for her classroom. Mrs. Martinez also testified that she did not think Gettysburg Elementary would reimburse her for these items, but she did not inquire about the reimbursement policy.[8]

_____

[7]On the basis of this record, these expenses appear to be claimed by Mr. Martinez.

[8]The Court encouraged Mrs. Martinez to provide specifics as to her expenditures. Irrespective, Mrs. Martinez testified that she thought asking for reimbursement "would be silly. It's kind of like this whole thing. I think this is

(continued...)

Petitioners asserted that they would keep receipts for their meals and entertainment expenses and other expenses in a bag and that they would try to tally these receipts quarterly each year. Petitioners would then provide a summary of these expenses to their C.P.A., Mr. Scott. Neither petitioner provided any specifics for the years in issue or provided information to establish a pattern of spending. For example, at trial when Mr. Martinez was asked whether he could recall a pattern of expenditures, he testified that "[i]t varies. The thing that's consistent is buying food for my boys that have nothing * * * [b]ut typically expenses will come up". Mrs. Martinez also could not provide specifics as to amounts spent or spending patterns but testified that she "spent a very similar amount every year."

After reviewing petitioners' receipts, the examiner allowed deductions for teaching and coaching supplies of $736 for 2012 and $389 for 2013. Petitioners did not provide adequate receipts or other documentation to substantiate the remainder of the expenses reported. See sec. 1.6001-1(a), Income Tax Regs. Further, petitioners did not provide sufficient testimony or other evidence to

---

[8](...continued)
silly to be up here with this judge and his time. I think this is useless, so I think it would be silly to * * * say I want to provide treats for my sixth graders because they all turned in their homework * * * I wouldn't want to embarrass myself."

provide the Court a basis on which to estimate these expenses using the rule set forth in Cohan.[9]  See Cohan v. Commissioner, 39 F.2d at 543-544; Vanicek v. Commissioner, 85 T.C. at 742-743.

For these reasons, petitioners are entitled to other unreimbursed employee business expense deductions of $736 for 2012 and $389 for 2013, in excess of what respondent allowed in the notice of deficiency.

IV.    Charitable Contributions

On their Schedules A petitioners claimed deductions of $3,651 and $3,646 for charitable cash contributions for tax years 2012 and 2013, respectively. Respondent disallowed these deductions.  At trial petitioners conceded that they had donated only $220 in cash ($200 to St. Helen's and $20 to Cancer Support Services) during the years in issue.  Petitioners also asserted that Mr. Martinez had additional unreimbursed volunteer expenses, which he paid as a volunteer coach for Clovis East through the AAU program.

---

[9]Further, because Mrs. Martinez did not inquire as to whether Gettysburg Elementary would have reimbursed her for books and other items purchased for the classroom, she did not meet her burden of proving that she was not entitled to reimbursement from her employer for such expenses.  Thus, even if petitioners had substantiated these expenses, they would not be entitled to deductions for them. See Fountain v. Commissioner, 59 T.C. 696, 708 (1973).

A.     Contribution to St. Helen's

At trial petitioners claimed deduction of $200 for a cash charitable contribution to St. Helen's in 2012.

Section 170(a) allows a taxpayer a deduction for any charitable contribution made in compliance with the statute.  The taxpayer is allowed the charitable contribution deduction if the charitable contribution is provided to a corporation, trust, or community chest, fund, or foundation created or organized in the United States and operated exclusively for religious or charitable purposes.  Sec. 170(c)(2).  In order to deduct a charitable contribution, a taxpayer must establish that a gift was made to a qualified entity organized and operated exclusively for an exempt purpose, no part of the net earnings of which inures to the benefit of any private individual.  Id.; McGahen v. Commissioner, 76 T.C. 468, 481-482 (1981), aff'd without published opinion, 720 F.2d 664 (3d Cir. 1983).  Qualified entities under section 170 are generally organizations that qualify for an exemption under section 501(c)(3).  See, e.g., Dew v. Commissioner, 91 T.C. 615, 624 n.7 (1988); Taylor v. Commissioner, T.C. Memo. 2000-17.

Before determining whether petitioners have adequately substantiated their gift to St. Helen's, we must decide whether they have met their burden of establishing that the donee entity was recognized by the IRS as an organization

described in section 501(c)(3) and entitled to receive tax-deductible contributions under section 170(c)(2). We conclude that they have not met this burden.

Petitioners did not provide testimony or other evidence establishing that St. Helen's was eligible to receive tax-deductible contributions. We take judicial notice that this organization is not currently listed on the IRS master list of section 501(c)(3) organizations.[10] Therefore, they cannot deduct the $200 cash charitable contribution for 2012.

B.    Unreimbursed Volunteer Expenses

At trial petitioners claimed deductions for unreimbursed volunteer expenses of $7,000 and $5,825 for 2012 and 2013, respectively. Mr. Martinez also testified that the mileage logs presented reflected miles driven for his volunteer work with Clovis East; on the basis of the mileage logs, petitioners are claiming deductions

---

[10]The IRS master list of sec. 501(c)(3) organizations is available at https://www.irs.gov/charities-non-profits/exempt-organizations-select-check.

A court may take judicial notice of appropriate adjudicative facts at any stage in a proceeding whether or not the parties request it. See Fed. R. Evid. 201(a), (c); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (stating that the court "may take judicial notice of court filings and other matters of public record"); United States v. Harris, 331 F.2d 600, 601 (6th Cir. 1964) (explaining that a court may take judicial notice sua sponte). In general, a court may take judicial notice of facts that are not subject to reasonable dispute and are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b)(2).

for unreimbursed volunteer mileage expenses of $1,111 for 2012 and $1,090 for 2013.[11]

No deduction is allowed under section 170 for a contribution of services. However, "unreimbursed expenditures made incident to the rendition of services to an organization contributions to which are deductible may constitute a deductible contribution." Sec. 1.170A-1(g), Income Tax Regs. To be deductible, unreimbursed expenses must be directly connected with and solely attributable to the rendition of services to a charitable organization. Van Dusen v. Commissioner, 136 T.C. 515, 525 (2011); Saltzman v. Commissioner, 54 T.C. 722, 724 (1970). "In applying this standard, courts have considered whether the charitable work caused or necessitated the taxpayer's expenses." Van Dusen v. Commissioner, 136 T.C. at 525.

A taxpayer is required to substantiate charitable contributions. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Contributions through the payment of unreimbursed volunteer expenses of less than $250 are subject to the requirements

---

[11]The logs reflect a total of 7,935 miles driven in 2012 and 7,783 miles driven in 2013. The standard mileage rate for use of an automobile in rendering gratuitous services to a charitable organization is 14 cents per mile for 2012 and 2013. See Notice 2012-1, sec. 2; Notice 2012-72, sec. 2. Thus, petitioners are claiming unreimbursed volunteer expenses for mileage of $1,111 (7,935 × $0.14 = $1,111) for 2012 and $1,090 (7,783 × $0.14 = $1,090) for 2013.

for contributions of money set forth in section 1.170A-13(a), Income Tax Regs.

Van Dusen v. Commissioner, 136 T.C. at 531.  A taxpayer is required to maintain a canceled check or a receipt from the donee organization.  Sec. 1.170A-13(a)(1), Income Tax Regs.  In the absence of a canceled check or a receipt from the donee organization, the taxpayer must maintain other reliable written records showing "the name of the payee, the date of the payment, and the amount of the payment." Id.; see also Van Dusen v. Commissioner, 136 T.C. at 534.

Unreimbursed volunteer expenses of $250 or more must also be substantiated with a contemporaneous written statement from the donee organization containing, among other things, a description of the services that the taxpayer provided.  See Van Dusen v. Commissioner, 136 T.C. at 536-537; sec. 1.170A-13(f)(10), Income Tax Regs.  At a minimum, the contemporaneous written acknowledgment must contain a description of any property contributed, a statement as to whether any goods or services were provided in consideration by the donee, and a description and good-faith estimate of the value of any goods or services provided in consideration.  Sec. 170(f)(8)(B).  A written acknowledgment is contemporaneous if it is obtained by the taxpayer on or before the earlier of (1) the date on which the taxpayer files a return for the taxable year in which the

contribution was made, or (2) the due date (including extensions) for filing such return. Id. subpara. (C).

Petitioners provided a copy of a receipt dated March 4, 2013, for a $296.92 cash purchase from Mid-State Graphics, a custom screen printing shop in Fresno, California. Mr. Martinez testified that this purchase of shirts was an unreimbursed volunteer expense incurred as part of his volunteer work for Clovis East through the AAU program.[12] Petitioners also provided mileage logs for Mr. Martinez, which they assert reflect his volunteer work for Clovis East during the years in issue. The mileage logs reflect dates traveled, "From" and "To" (origination and destination), "Purpose" (whether he was attending a practice or a game), and the number of miles driven per trip.

Petitioners did not provide a contemporaneous written acknowledgment from Clovis East or AAU for these unreimbursed volunteer expenses. Petitioners provided a letter dated June 1, 2015, from the "Booster President" of the Clovis East boys' basketball program in which she asserts that Mr. Martinez was a volunteer and was not reimbursed for "mileage, per diem, miscellaneous travel

---

[12]We take judicial notice that AAU (Amateur Athletic Union of the United States, Inc., in Lake Buena Vista, Florida) and the Clovis East boys' basketball program (The Reagan Educational Center Timberwolves Foundation) are each listed on the IRS master list of sec. 501(c)(3) organizations. See supra note 11.

expenses, or any other costs". Although the letter mentions mileage, it does not specifically mention the purchase of the shirts or any other items contributed, and thus does not have a description of any property contributed. Additionally, this letter is dated June 1, 2015, which is later than April 8, 2014, the earlier of the due date or the filing date for petitioners' 2013 return; thus it is not contemporaneous.[13] See sec. 170(f)(8)(B) and (C).

Because petitioners did not provide a breakout of expenses or supporting documentation for the remainder of the unreimbursed volunteer expenses, it is unclear whether each of the individual expenses is less than or greater than $250. At a minimum, petitioners have not provided canceled checks, receipts, or other written records establishing the name of the payee, the date, and the amount of the payment for any of these expenses. See Van Dusen v. Commissioner, 136 T.C. at 531; sec. 1.170A-13(a)(1), Income Tax Regs. Therefore, they have not provided adequate substantiation.

Thus, petitioners are not entitled to deductions for unreimbursed volunteer expenses.

---

[13]Petitioners' 2013 Form 1040, due April 15, 2014, was filed April 8, 2014.

C.    Contribution to Cancer Support Services

At trial petitioners also asserted that they made a $20 cash charitable contribution to Cancer Support Services.  A cash contribution of less than $250 may be substantiated with a canceled check, a receipt, or other reliable evidence showing the name of the donee, the date of the contribution, and the amount of the contribution.  Sec. 1.170A-13(a)(1), Income Tax Regs.

The letter from Cancer Support Services is addressed to Mr. Martinez and says "[t]hank you so much for speaking with us a few days ago and for pledging your support to the Cancer Support Services."  The letter has "$20 Donation" handwritten on it and is undated.  Petitioners did not testify or provide other evidence as to when the donation was made.  Because petitioners have not established the date of the donation, they have not provided adequate substantiation.  See id.  Therefore, they cannot deduct this cash contribution.

For these reasons, petitioners are not entitled to deductions for charitable contributions in excess of what respondent allowed on the notice of deficiency.

V.    Conclusion

For the reasons stated above, petitioners are entitled to deduct only unreimbursed employee business expenses of $736 for 2012 and $389 for 2013, in excess of what respondent allowed on the notice of deficiency.

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.